**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

------------------------------------------------------------------x
ANTOINE HUYE, individually and on ) Case No. _____
behalf of a class comprised of all Defendant's )
technicians employed in Illinois and Missouri )
during the applicable limitations periods, ) **JURY TRIAL DEMANDED**
 )
                  Plaintiff, )
v. )
 )
PRECC, INC. (formerly known as )
Premier CC, Inc.), a corporation, and )
CABLE BOSS CORP., a corporation, and )
QUAL-TEK, INC., a corporation, )
 )
                  Defendants. )
------------------------------------------------------------------x

## **COMPLAINT**

Plaintiff Antoine Huye, individually and on behalf of other similarly situated cable television installation technicians employed by Defendants PRECC, Inc., Cable Boss Corp. and Qual-Tek, Inc. during the relevant limitations periods, states as follows for his Complaint against Defendants:

**PRELIMINARY STATEMENT**

1. Defendants together own and operate a cable television installation business which provides services in this jurisdiction.

2. Defendants employ cable television installation technicians (collectively "Technicians"), whom Defendants have misclassified as "independent contractors."

3. Defendants have failed and refused to pay overtime wages to the Technicians.

4. Plaintiff seeks to recover unpaid overtime compensation and other remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.,* the Illinois' Employee Classification Act ("ECA"), 820

ILCS § 185/1, *et seq.*, and the Missouri Minimum Wage Act ("MMWL"), R.S. Mo. § 290.520 *et seq.*

5. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), Claimant brings Count I as a putative collective action on behalf of all similarly situated Technicians working for Defendants in Illinois and/or Missouri who have been misclassified as "independent contractors."

6. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings Counts II through IV as putative class actions on behalf of himself and the Illinois Class and the Missouri Class (each defined below), to be comprised of Technicians who have been misclassified as "independent contractors," in an effort to recover unpaid overtime pay and other remedies.

### JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's overtime pay provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

8. The IMWL authorizes court actions by private parties to recover damages for violation of the IMWL's overtime pay provisions. 820 ILCS § 105/12(a). Jurisdiction over the IMWL claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and 820 ILCS § 105/12(a).

9. The ECA authorizes court actions by private parties to recover damages for misclassification of workers as "independent contractors." 820 ILCS § 185/60(a). Jurisdiction over the ECA claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 and 820 ILCS § 185/60(a).

10. The MMWL authorizes court actions by private parties to recover damages for violation of the MMWL's overtime pay provisions. R.S. Mo. § 290.527. Jurisdiction over the IMWL claims of Plaintiff and other similarly situated employees is based on 28 U.S.C. § 1367 (pendent claims) and R.S. Mo. § 290.527.

11. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District, employed Plaintiff to perform some of his services in this District, and substantial unlawful conduct giving rise to the claims occurred in this District.

**PARTIES**

12. Defendant PRECC, Inc. (formerly known as "Premier CC, Inc.") is an Illinois corporation conducting business within this jurisdiction, which, along with the other Defendants, owns and operates a cable television installation business.

13. Defendant Cable Boss Corp. is an Illinois corporation conducting business within this jurisdiction, which, along with the other Defendants, owns and operates a cable television installation business.

14. Defendant Qual-Tek, Inc. is an Illinois corporation conducting business within this jurisdiction, which, along with the other Defendants, owns and operates a cable television installation business.

15. Defendants form a "single employer" or "single integrated enterprise" and they are joint employers, as they jointly operate a cable television installation business and maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control. Because the work performed by Plaintiff and all other similarly situated benefited all Defendants and directly or indirectly furthered their joint interests, Defendants are

collectively the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definitions of "employer."

16. From about November 2016 until about November 2018, Plaintiff Antoine Huye was employed by Defendants as a Technician, as such he performed jobs in Illinois and Missouri. Plaintiff Huye's consent to bring the FLSA claim asserted herein is attached as "Exhibit 1."

## PERTINENT FACTS

*Defendants' Business*

17. Defendants operate a cable television installation business in which they employ numerous Technicians.

18. The Technicians perform the same primary job duty of installing cable television service for Defendants' customers.

*Work Time*

19. Plaintiff and Defendants' other Technicians misclassified as "independent contractors" typically worked more than 40 hours per week.

*No Overtime Pay*

20. Defendants did not pay overtime compensation to the Technicians misclassified as "independent contractors."

*Defendant's Treatment of the Technicians*

21. Defendants have similarly treated the Technicians as employees as:

(a) The Technicians have been economically dependent on Defendants;

(b) Defendants have scheduled the Technicians to work full time or longer hours, thereby precluding the Technicians from earning substantial income from other sources or engaging in substantial independent business activities;

(c) The Technicians' work, assigned by Defendants, has constituted an integral part of Defendant's business and/or Defendants have assigned Technicians to perform

4

        Defendants' core business activity of installing cable television service for Defendants' customers;

(d)    Technicians do not exercise managerial skill which affects their opportunity for profit or loss;

(e)    Technicians do not hold meaningful opportunity for profit or loss as part of their duties performed for Defendants;

(f)    Defendants have compensated Technicians through a "piece rate" pay plan, such that the Technicians have no opportunity to increase earnings based on entrepreneurial or business skills;

(g)    The Technicians do not solicit additional work for themselves from Defendants' customers or others;

(h)    The Technicians have not advertised their services as cable television installers;

(i)    The Technicians have not purchased or maintained inventories of cable television parts for sale or distribution to customers, as such parts are provided by Defendants to the Technicians at Defendants' facilities;

(j)    The Technicians have not rented, leased or purchased retail, warehousing or other commercial space to maintain inventories of cable television parts to sell to customers;

(k)    The Technicians have not scheduled installations or managed time tables for installation of cable television service to Defendants' customers;

(l)    The Technicians have invested relatively small amounts in equipment and supplies needed to perform their duties for Defendants compared to the value of Defendants' investments in its own business, inventory, premises, operating systems, advertising, name recognition, goodwill, labor, overhead, etc.;

(m)    The Technicians' employments have typically lasted relatively long-term, such as Plaintiff's approximately two-year long service for Defendants; and

(n)    Defendants maintain ability to exercise meaningful control, and does exercise meaningful control, over the Technicians, including, but not limited to:

    (i)    Defendants assign the Technicians' work schedules;

    (ii)    Defendants assign the Technicians to particular jobs;

    (iii)    Defendants assign time frames for the Technicians' jobs;

(iv) Defendants require the Technicians to appear at Defendants' facilities at specified times to attend meetings regarding work issues;

(v) Defendants have required the Technicians to report to Defendants' facilities to acquire and return parts;

(vi) Defendants have instructed the Technicians how to perform their jobs, including requiring them to observe other technicians or managers until they are able to install cable television service by themselves;

(vii) Defendants have required the Technicians to view training videos;

(viii) Defendants have monitored and supervised the work of the Technicians, including follow-up visits by supervisors who photograph and critique the Technician's work;

(ix) Defendants place Technicians on a plan of correction when Defendants deem their work substandard;

(x) Defendants have warned the Technicians of discipline based on their performance and/or conduct, including, but not limited to, warning some of the Technicians of termination;

(xi) Defendants have disciplined some of the Technicians based on performance and/or conduct, including, but not limited to, terminating some of the Technicians;

(xii) Defendants have required the Technicians to acknowledge their job assignments by a certain time;

(xiii) Defendants have required the Technicians to verify that they are in route to job assignments;

(xiv) Defendants have monitored the Technicians through a tracking application;

(xv) Defendants require the Technicians to log in to Defendants' computer systems from each job site;

(xvi) Defendants require the Technicians to log out from Defendants' computer systems at the end of each job;

(xvii) Defendants have required the Technicians to obtain signatures of Defendants' customers to verify services provided;

(xviii) Defendants have informed the Technicians that they are running behind Defendants' schedules;

(xix) Defendants have instructed the Technicians to go to the next job site;

(xx) Defendants have provided the Technicians instruction on how to communicate with customers;

(xxi) Defendants have required the Technicians to use Defendants' computerized business forms;

(xxii) Defendants have required the Technicians to request time off from work in advance;

(xxiii) Defendants evaluate the Technicians' performance based on quality standards, completion rates, and rates of return visits to job sites;

(xxiv) Defendants assign each Technician to a particular manager; and

xxv Defendants granted or denied Technicians permission to stop working at the end of their shifts.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

*FLSA Collective Action*

22. Plaintiff brings the FLSA claim asserted herein (Count I) as an "opt-in" collective action on behalf of all similarly situated Technicians who have worked in Illinois and Missouri within the three years preceding the filing of this Complaint who file a consent to join under 29 U.S.C. § 216(b).

23. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of failing to pay the Technicians federal minimum wage and overtime compensation.

24. Plaintiff and all of the other Technicians are similarly situated in that:

(a) They have worked for Defendants as Technicians performing Defendants' primary business, namely installing cable television service;

7

(b) They have been subjected to the same, or at least very similar, control and treatment by Defendants as set forth in detail above;

(c) They have worked over 40 hours per week during at least some workweeks; and

(d) They have been denied overtime pay for work in excess of 40 hours per week.

*IMWL and ECA Claims*

25. Plaintiff brings the IMWL and ECA claims asserted herein (Counts II & III) as a class action under Fed. R. Civ. P. 23 on behalf of himself and as the Class Representative of the following persons:

> All current and former Technicians who have worked in Illinois and have been considered by Defendants as "independent contractors" at any time since the date three years preceding the filing of this Complaint ("the Illinois Class").

26. The IMWL claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Illinois Class.

27. The Illinois Class members can be easily identified through Defendants' business records.

28. The Illinois Class satisfies the numerosity standard of Rule 23(a)(1) because it is comprised of at least 40 persons who are geographically dispersed and, as a result, joinder of all Illinois Class members in a single action is impracticable.

29. Questions of law and fact common to the Illinois Class within the meaning of Rule 23(a)(2) include, but are not necessarily limited to:

(a) Whether Defendants misclassified the Illinois Class members as "independent contractors;"

(b) Whether they have worked for Defendants performing Defendants' primary business, namely installing cable television service;

8

    (c)    Whether they have been subjected to the same, or at least very similar, control and treatment by Defendants as set forth in detail above;

    (d)    Whether they have worked over 40 hours per week during at least one workweek; and

    (e)    Whether they have been denied overtime pay for work in excess of 40 hours per week.

30. Plaintiff's claims are typical of those of the Illinois Class within the meaning of Rule 23(a)(3) in that:

    (a)    Plaintiff and the Illinois Class have worked as Technicians for Defendants;

    (b)    Plaintiff and the Illinois Class have performed the same primary job duties for Defendants;

    (c)    Plaintiff and the Illinois Class have been subjected to the same, or at least very similar, treatment and control by Defendants as set forth in detail above;

    (d)    Plaintiff and the Illinois Class have worked over 40 hours per week during at least some workweeks; and

    (e)    Plaintiff and the Illinois Class have been denied overtime pay for work in excess of 40 hours per week.

31. Plaintiff is an adequate representative of the Illinois Class within the meaning of Rule 23(a)(4) because he is a member of the Illinois Class and his interests do not conflict with the interests of the members of the Illinois Class he seeks to represent. The interests of the Illinois Class will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

9

32. A class action is appropriate under Rule 23(b)(3) because (a) the common questions of law or fact listed above predominate over any questions affecting only individual members and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy because the interest of members of the Illinois Class in individually controlling the prosecution of separate actions is minimal, there exists no other separate litigation concerning the same controversy, it is desirable to concentrate the litigation in this forum, and no substantial difficulties will be encountered in managing a class action.

*MMWL Claim*

33. Plaintiff brings the MMWL claim asserted herein (Counts IV) as a class action under Fed. R. Civ. P. 23 on behalf of himself and as the Class Representative of the following persons:

> All current and former Technicians who have worked in Missouri and have been considered by Defendants as "independent contractors" at any time since the date two years preceding the filing of this Complaint ("the Missouri Class").

34. The MMWL claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Missouri Class.

35. The Missouri Class members can be easily identified through Defendants' business records.

36. The Missouri Class satisfies the numerosity standard of Rule 23(a)(1) because it is comprised of at least 40 persons who are geographically dispersed and, as a result, joinder of all Missouri Class members in a single action is impracticable.

37. Questions of law and fact common to the Missouri Class within the meaning of Rule 23(a)(2) include, but are not necessarily limited to:

    (a)    Whether Defendants misclassified the Missouri Class members as "independent contractors;"

    (b)    Whether they have worked for Defendants performing Defendants' primary business, namely installing cable television service;

    (c)    Whether they have been subjected to the same, or at least very similar, control and treatment by Defendants as set forth in detail above;

    (d)    Whether they have worked over 40 hours per week during at least one workweek; and

    (e)    Whether they have been denied overtime pay for work in excess of 40 hours per week.

38. Plaintiff's claims are typical of those of the Missouri Class within the meaning of Rule 23(a)(3) in that:

    (a)    Plaintiff and the Missouri Class have worked as Technicians for Defendants;

    (b)    Plaintiff and the Missouri Class have performed the same primary job duties for Defendants;

    (c)    Plaintiff and the Missouri Class have been subjected to the same, or at least very similar, treatment and control by Defendants as set forth in detail above;

    (d)    Plaintiff and the Missouri Class have worked over 40 hours per week during at least some workweeks; and

    (e)    Plaintiff and the Missouri Class have been denied overtime pay for work in excess of 40 hours per week.

39. Plaintiff is an adequate representative of the Missouri Class within the meaning of Rule 23(a)(4) because he is a member of the Missouri Class and his interests do not conflict with the interests of the members of the Missouri Class he seeks to represent. The interests of the Missouri

Class will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

40. A class action is appropriate under Rule 23(b)(3) because (a) the common questions of law or fact listed above predominate over any questions affecting only individual members and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy because the interest of members of the Missouri Class in individually controlling the prosecution of separate actions is minimal, there exists no other separate litigation concerning the same controversy, it is desirable to concentrate the litigation in this forum, and no substantial difficulties will be encountered in managing a class action.

## CLAIMS

### COUNT I:   Violation of the FLSA

41. Plaintiff reasserts and re-alleges the allegations set forth above.

42. At all times material herein, Plaintiff and other Technicians have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

43. The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44. Defendants are subject to the overtime pay requirements of the FLSA because it constitutes an enterprise engaged in interstate commerce and its Technicians are engaged in interstate commerce.

45. During all times relevant to this action, Defendants have been the Technicians' "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

46. During all times relevant to this action, the Technicians have been Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

47. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Despite Defendants' misclassification of the Technicians, none of the FLSA's exemptions apply to Plaintiff or other similarly situated Technicians. *Id.*

48. Pursuant to the FLSA, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

49. Defendants violated the FLSA by failing to pay the Technicians overtime wages as required by the FLSA. 29 U.S.C. § 207(a).

50. Plaintiff and all Technicians are victims of a uniform compensation policy.

51. The Technicians are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA, and dissuaded employees from asserting their legal rights by misinforming employees that they are "independent contractors."

52. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, the Technicians are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

53. Alternatively, should the Court find that Defendants are not subject to an award of liquidated damages, the Technicians are entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of the aforesaid violations, Defendants are liable under 29 U.S.C. § 216(b) for Plaintiff's reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated Technicians demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the IMWL

55. Plaintiff reasserts and re-alleges the allegations set forth above.

56. At all relevant times herein, the Illinois Class has been entitled to the rights, protections, and benefits provided under the IMWL, 820 ILCS § 105/1 *et seq*.

57. The IMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. 820 ILCS §§ 105/3 & 105/4a.

58. During all times relevant to this action, Defendants have been the "employer" of the Illinois Class members within the meaning of the IMWL. 820 ILCS §§ 105/3(c) & (d).

59. During all times relevant to this action, the Illinois Class members were Defendants' "employees" within the meaning of the IMWL. 820 ILCS § 105/3(d).

60. The IMWL exempts certain categories of employees from Illinois' overtime wage and other obligations, none of which apply to the Technicians. 820 ILCS § 105/3.

61. Pursuant to the IMWL, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 820 ILCS § 105/4a.

62. Defendants suffered and permitted Plaintiff and the Illinois Class to work more than 40 hours in a workweek without proper overtime compensation as required by the IMWL. *Id.*

63. Defendants' failure to comply with the IMWL's overtime protections caused Plaintiff and the Illinois Class to suffer loss of wages and interest thereon.

64. Plaintiff and the Illinois Class are entitled to unpaid overtime, penalty interest equal to 2% of Defendants' underpayments for each month following the date of payment during which underpayment remains unpaid through February 18, 2019, 5% of Defendants' underpayments for each month beginning February 19, 2019 during which underpayment remains unpaid, treble the amount of all under-payments since February 19, 2019, pre-judgment and post-judgment interest, and attorney's fees and costs under the IMWL.  820 ILCS §§ 105/4a(1) & 105/12(a).

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated Technicians demand judgment against Defendants and pray for (1) compensatory damages; (2) penalty interest per 820 ILCS § 105/12(a); (3) treble damages per 820 ILCS § 105/12(a); (4) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (5) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count III: Violation of the ECA

65. Plaintiff reasserts and re-alleges the allegations set forth above.

66. At all relevant times herein, the Illinois Class has been entitled to the rights, protections, and benefits provided under the ECA, 820 ILCS § 185/1 *et seq*.

67. The ECA regulates, among other things, the proper classification of workers as "employees." 820 ILCS §§ 185/10 & 185/20.

68. During all times relevant to this action, Defendants have been the "employer" of the Illinois Class members within the meaning of the ECA. 820 ILCS §§ 185/5.

69. During all times relevant to this action, Defendants have been "contractors" within the scope and meaning of the ECA. 820 ILCS § 185/5.

70. During all times relevant to this action, Defendants have been engaged in "construction" within the scope and meaning of the ECA. 820 ILCS § 185/5.

71. During all times relevant to this action, Plaintiff and the Illinois Class have "performed services" for Defendants within the scope and meaning of the ECA. 820 ILCS § 185/5.

72. Pursuant to 820 ILCS § 185/10, Plaintiff and the Illinois Class are "deemed" to be Defendants' "employees" because:

   (a) Plaintiff and the Illinois Class have been under Defendants' control and direction with regard to the performance of their services;

   (b) Plaintiff and the Illinois Class have performed services that are part of the usual course of services performed by Defendants;

   (c) Plaintiff and the Illinois Class have not been engaged in an independently established trade, occupation, profession or business; and

   (d) Plaintiff and the Illinois Class have not been sole proprietors or partnerships within the meaning of the ECA.

*Id.*; Ill. Admin. Code § 240.320(a).

73. Defendants have violated the ECA by failing and refusing to designate Plaintiff and the Illinois Class as "employees." 820 ILCS § 185/20.

74. Defendants thus suffered and permitted Plaintiff and the Illinois Class to work more than 40 hours in a workweek without proper overtime compensation. *Id.*

75. Defendants' failure to comply with the ECA caused Plaintiff and the Illinois Class to suffer loss of overtime wages and interest thereon.

76. Plaintiff and the Illinois Class are entitled to unpaid overtime wages and any employee benefits denied, an equal amount thereto in liquidated damages, up to $500.00 for each violation of the ECA or associated regulations, attorney's fees and costs.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated Technicians demand judgment against Defendants and pray for (1) compensatory damages; (2) liquidated damages, (3) $500.00 per violation of the ECA or associated regulations, (4) attorneys' fees and costs as allowed by 820 ILCS § 185/60(a); (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

### Count IV: Violation of the MMWL

77. Plaintiff reasserts and re-alleges the allegations set forth above.

78. At all relevant times herein, the Missouri Class has been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq*.

79. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

80. During all times relevant to this action, Defendant was the "employer" of the Missouri Class members within the meaning of the MMWL. R.S. Mo. §§ 290.500(3) & (4).

81. During all times relevant to this action, the Missouri Class members were Defendant's "employees" within the meaning of the MMWL. R.S. Mo. §§ 290.500(3).

82. The MMWL exempts certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to the Missouri Class.  R.S. Mo. §§ 290.500(3).

83. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half (1 1/2) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.S. Mo. § 290.505.1.

84. Defendant, pursuant to its policy and practice, violated the MMWL by refusing and failing to pay the Missouri Class overtime wages required under the MMWL. R.S. Mo. § 290.505.1.

85. The Missouri Class members are victims of a uniform and employer-based compensation policy.

86. The Missouri Class is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

87. The Missouri Class is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

88. Defendant is liable under R.S. Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated Technicians demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff and the Classes hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

  *s/ Eli Karsh*

**WEINHAUS & POTASHNICK**
Mark Potashnick, MO Bar # 41315
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 984-810
markp@wp-attorneys.com

**LIBERMAN, GOLDSTEIN & KARSH**
Eli Karsh, MO Bar # 43061
230 South Bemiston Ave., Suite 1200
Clayton, Missouri 63141
Telephone: (314) 862-3333 ext. 13
Facsimile: (314) 863-0605
elikarsh@aol.com

        **ATTORNEYS FOR PLAINTIFFS**